**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNAMETAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | 2: 09-cv-00857 |
| v. | ) | |
| | ) | |
| SANDVIK INC. d/b/a SANDVIK COROMANT | ) | |
| COMPANY and SECO TOOLS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2: 10-cv-00654 |
| v. | ) | |
| | ) | |
| KENNAMETAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO DISQUALIFY SPECIAL

MASTER FREDERICK H. COLEN filed by Sandvik Inc., Seco Tools Inc., and Sandvik

Intellectual Property AB (collectively referred to as "Sandvik"), the RESPONSE filed by

Kennametal Inc., the RESPONSE OF SPECIAL MASTER, and the REPLY filed by Sandvik.

After a careful and deliberate review of the circumstances of this matter, the Court is satisfied

that no reasonable person with knowledge of all of the surrounding facts and circumstances

would conclude that the appearance of a lack of impartiality of the Special Master exists under

the circumstances of this case. Therefore, the Motion will be denied.

## Standard Of Review

Title 28, United States Code, § 455(a) provides as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Because § 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he or she would appear to be biased to "a reasonable person, with knowledge of all the facts." *United States v. Wecht,* 484 F.3d 194, 213 (3d Cir. 2007) (quoting *In re Kensington Int'l Ltd*., 353 F.3d 211, 220 (3d Cir. 2003)). A recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." *United States v. Martorano,* 866 F.2d 62, 68 (3d Cir. 1989). The United States Court of Appeals for the Third Circuit has stated that § 455(a) sets out an objective standard, one in which "a judge should recuse himself when a reasonable person, knowing all the acknowledged circumstances, might question the court's continued partiality." *Alexander v. Primerica Holdings, Inc*., 10 F.3d 155, 164 (3d Cir. 1993). "Impartiality and the appearance of impartiality in a judicial officer are the *sine qua non* of the American legal system" and "[a]ny tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias." *Haines v. Liggett Group, Inc*., 975 F.2d 81, 98 (3d Cir. 1992) (quoting *Lewis v. Curtis*, 671 F.2d 779, 789 (3d Cir. 1982)). As the United States Court of Appeals for the Second Circuit aptly described,

> the existence of the appearance of impropriety is to be determined not by considering what a straw poll of the only partly informed man-in-the street would show[,] but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge.

*United States v. Bayliss,* 201 F.3d 116, 126-27 (2d Cir. 2000) (quoting *In re Drexel Burnham*

*Lambert, Inc.,* 861 F.2d 1307, 1313 (2d Cir. 1988)).

In light of this standard, it is relevant to the Court only whether the circumstances at issue

would create in the mind of a reasonable person the appearance of a lack of impartiality on the

part of the Special Master.

## Background

The legal relationship history between these parties is lengthy and contentious. Both

parties are in the international business of manufacturing and selling metal cutting tools.

Currently, the parties are involved in two pending lawsuits in this Court: *Kennametal v. Sandvik,*

No. 09-cv-857 (referred to as the "PVD case"[1]) and *Sandvik v. Kennametal*, No. 10-cv-00654

(referred to as the "CVD case."[2]). In both cases, the Court appointed Frederick H. Colen,

Esquire, an equity partner in the law firm of Reed Smith, LLP ("Reed Smith") as Special Master.

On September 7, 2012, the Special Master notified counsel for Sandvik and Kennametal that he

had just learned that a representative from Kennametal had requested that Reed Smith represent

Kennametal in connection with a contractual dispute with a vendor / supplier of Kennametal.

After the Special Master conducted further inquiry at the request of Sandvik, he also learned that

since his appointment as Special Master in these cases, Reed Smith had represented Kennametal

on a number of other unrelated legal matters. As a result of this disclosure, Sandvik now seeks

under 28 U.S.C. § 455(a) to disqualify the Special Master in the PVD case and, to not only

disqualify him in the CVD case, but also have the Court strike the Special Master's previously

---

[1] The case is referred to as the "PVD case" because the applicable processes at issue are physical vapor deposition processes. *See* Document No. 99 at Case No. 10-cv-00654.

[2] The case is referred to as the "CVD case" because the applicable processes at issue are chemical vapor deposition processes. *Id.*

filed Report and Recommendation and vacate the Court's Memorandum Opinion and Order by which it had adopted the Report and Recommendation, as well as vacate the Court's September 13, 2012 Order which granted partial summary judgment to Kennametal on the issue of patent invalidity, all which have been issued and filed in the CVD case.

Sandvik initiated its CVD lawsuit against Kennametal on April 27, 2009, by the filing of a one-count Complaint in the United States District Court for the Western District of North Carolina, Asheville Division, in which it alleged that Kennametal infringed two patents, namely U.S. Patent Nos. 5,487,625 ("the '625 Patent) and 5,654,035 ("the '035 Patent").[3] Sandvik owns the '625 Patent, entitled "Oxide Coated Cutting Tool" and alleges that Kennametal has infringed Claims 1-7 of the Patent. By Order of May 12, 2010, the case was transferred pursuant to 28 U.S.C. § 1401(a) to the United States District Court for the Western District of Pennsylvania and assigned to this member of the Court.

On June 29, 2009, approximately two (2) months after the CVD lawsuit had been filed against it in North Carolina, Kennametal initiated the PVD lawsuit against Sandvik by the filing of a two-count complaint in this Court. Kennametal owns U.S. Patent No. 5,722,803 ("the '803 Patent"), entitled "Cutting Tool and Method of Making a Cutting Tool," and alleges that Sandvik has infringed the '803 Patent.

The parties and their counsel are very knowledgeable of the background facts relevant to the instant dispute. However, it is important to detail some of the history as to each case, as it differs slightly in each of the two cases.

---

[3] On January 31, 2011, the parties filed a Stipulation of Dismissal of Claims under the '035 Patent. The dismissal had no effect on the parties' assertions of claims and counterclaims with respect to the '625 Patent.

**Kennametal v. Sandvik (the PVD Case)**
**Civil Action No. 09-cv-00857**

By Order of April 13, 2010, the Court encouraged counsel to confer and jointly recommend one (1) to three (3) qualified candidates for appointment as special master for claim construction. Counsel were advised that if they could not reach agreement, each side may separately recommend one (1) to three (3) qualified candidates. *See* Order, Document No. 49.

On April 30, 2010, the parties filed a Joint Submission of Special Master Candidate in which the parties jointly proposed that Frederick H. Colen, Esquire, of Reed Smith, Pittsburgh, PA, be appointed as Special Master. By Order of May 5, 2010, the Court appointed Attorney Colen as Special Master to serve throughout the claim construction process including, but not limited to, the Claim Construction Hearing with a Report and Recommendation to follow.

A Claim Construction hearing was conducted before the Special Master with the Court in presence on July 23, 2010. A Report and Recommendation was filed by the Special Master on September 28, 2010, in which the Special Master made a finding that Claim 9 of Kennametal Patent '803 was invalid for indefiniteness. *See* Document No. 84. After a *de novo* review, the Court adopted the Report and Recommendation as the opinion of the Court. *See* Memorandum Order, Nov. 10, 2010 (Document No. 89).

On October 6, 2010, Attorney William P. Quinn, Jr., of the Philadelphia law firm of Morgan Lewis & Bockius, entered his appearance as attorney for Sandvik in both the PVD and CVD cases. Unbeknowst to the Court, Sandvik had notified Kennametal a day earlier that Attorney Quinn's wife was a lawyer at Reed Smith, but stated that she did not work with Special Master Colen. Kennametal was not informed that Mrs. Quinn was a partner in the same intellectual property department as the Special Master or that both Mrs. Quinn and the Special Master had each served as head of the intellectual property group at Reed Smith. *See*

Kennametal's Response (Doc. 151) at 3. Mrs. Quinn apparently works in the Philadelphia office of Reed Smith, while Special Master Colen works in the Pittsburgh office. *See* www.reedsmith.com.

On August 12, 2011, Sandvik moved for additional claim construction briefing and hearing on terms found in claims 24-26 and 30-39 of the '803 Patent. The Court granted the request, the parties briefed the issue, and a Supplemental Claim Construction hearing was again conducted before the Special Master with the Court in presence on June 6, 2012. Although the construction of a number of terms in Claims 24-26 and 30-39 of the '803 Patent had originally been in dispute by the parties, only the construction of a single term remained in dispute by the time of the June 6, 2012 Supplemental Claim Construction hearing. *See* Amended Supplemental Joint Disputed Claim Terms Chart (Document No. 132). The Special Master has not yet issued a Report and Recommendation as to the Supplemental Claim Construction.[4]

On September 7, 2012, Special Master Colen disclosed to counsel for the parties that he had recently learned that Kennametal had retained Reed Smith to represent it in a contract dispute with a vendor that did not involve Sandvik. After a number of e-mail exchanges between the Special Master and counsel for the parties with regard to the representation of Kennametal by Reed Smith lawyers, all of which are discussed *infra*, on October 15, 2012, Sandvik filed the instant motion in which it seeks to disqualify Special Master Colen from continuing to serve as Special Master in both the PVD and CVD cases and requests that in the CVD case only, the Court (i) strike the February 16, 2012 Report and Recommendation filed by the Special Master in the CVD case, (ii) vacate the Memorandum Opinion and Order of July 24, 2012, which

---

[4] The Special Master reported that he had been prepared in late September 2012 to issue a Report and Recommendation, but refrained from doing so after counsel for Sandvik advised that it would be moving to disqualify him from continuing to serve as Special Master. *See* Response of Special Master, at 6.

adopted that Report and Recommendation, and (iii) vacate the September 13, 2012 Order which granted partial summary judgment in favor of Kennametal.

Interestingly, Sandvik has <u>not</u> requested that the Report and Recommendation in the PVD case, filed by the Special Master on July 23, 2010, in which he recommended a result favorable to Sandvik (i.e., that Claim 9 of the Kennametal Patent '803 be declared invalid for indefiniteness), be stricken or that the November 10, 2010, Opinion of the Court, which adopted that Report and Recommendation, be vacated.

### Sandvik v. Kennametal (the CVD Case)
### Civil Action No. 10-cv-00654

As stated above, the CVD case was transferred to this Court on May 12, 2010, from the United States District Court for the Western District of North Carolina, Asheville Division.

By Order of October 1, 2010, the parties were to recommend a Special Master to the Court by October 15, 2010. *See* Document No. 93. Because the parties were not able to agree on a Special Master candidate, each party provided their respective recommendations to the Court. *See* Submission of Special Master Candidates (Document No. 99).

Sandvik recommended two candidates: John K. Williamson, Esquire, of the law firm of K&L Gates LLP, and retired United States District Court Judge Donald E. Ziegler. Kennametal recommended only one candidate: Frederick H. Colen, Esquire. Unbeknownst to the Court, on October 19, 2010, Kennametal had informed Sandvik that it objected to the possible appointment of Attorney Williamson because his law firm had been counsel for the plaintiff in an unrelated copyright infringement suit in which Kennametal was providing indemnity to the defendant and

had 9been the subject of extensive discovery by K&L Gates attorneys.[5]  *See* Document No. 151,

Exhibit C (Case No. 09-cv-857).  Sandvik responded to Kennametal's objection as follows:

> Mr. Williamson has had no personal involvement in the Gilliani Consulting, Inc.
> v. Ferguson Enterprises, Inc. suit referenced in your e-mail.  Rather, we
> understand that matter is being handled by K&L Gates lawyers from Seattle; as
> you know Mr. Williamson is located in Pittsburgh.  While we appreciate you
> bringing this matter to our attention, we do not consider this matter to be a
> conflict, imputed or otherwise, as Mr. Williamson is a proposed neutral in our
> matter.  Accordingly, we do not believe the Gilliani case impacts in any way Mr.
> Williamson's potential service as Special Master, should Judge McVerry choose
> to select him.

> Finally, we note that Mr. Williamson is plainly not biased against Kennametal,
> having served as a Special Master in a prior lawsuit and delivering a
> Recommendation and Report that was very favorable to Kennametal on the issues
> in that case.

*Id.*

Although the Court was not aware of Kennametal's concerns regarding Attorney

Williamson, it selected Attorney Colen as the Special Master primarily because the

parties had previously jointly recommended him to serve as Special Master in the PVD

case and his familiarization with both parties, counsel, and their businesses could be of

expeditious benefit to all.  By Order of November 30, 2010, the Court appointed Attorney

Colen as Special Master to serve throughout the claim construction process including, but

not limited to a Claim Construction Hearing with a Report and Recommendation to

follow.

On June 9, 2011, the Special Master and the Court conducted a telephone

conference with counsel for the parties to discuss various issues in advance of the Claim

Construction hearing which was scheduled on June 13, 2011.

---

[5]  *See  Gilliani Consulting, Inc. v. Ferguson Enterprises, Inc*., Civil Action No. 3:07-cv-1488,
United States District Court for the Northern District of Texas (Dallas Division).  Final Judgment
was entered in the case on July 15, 2010.

On June 13, 2011 and June 14, 2011, a Claim Construction hearing was held before both the Special Master and the Court. The Court was present and attentive throughout the entire two day hearing.

On February 16, 2012, the Special Master issued an extensive Report and Recommendation in which he recommended that the Court hold that the '625 Patent is invalid for indefiniteness under 35 U.S.C. § 112. After considering Sandvik's objections to the Report and Recommendation, with briefing from both sides, followed by an in-depth *de novo* review of the record evidence, the Court issued a twenty-three (23) page Memorandum Opinion and Order on July 24, 2012 in which it adopted in its entirety the claim construction recommended by the Special Master in his Report and Recommendation.

Based on the findings in the Report and Recommendation and the Memorandum Opinion and Order, Kennametal filed a Motion for Partial Summary Judgment. On September 13, 2012, the Court granted Kennametal's motion as to invalidity of the '625 Patent and left for future resolution Kennametal's affirmative defenses and counterclaims of unenforceability due to unclean hands, as well as Kennametal's contention that this is an exceptional case under 35 U.S.C. § 285 which may entitle Kennametal to recovery of its attorney's fees and costs.

As discussed above (and as will be discussed in greater detail below) on September 7, 2012, the Special Master notified counsel via email that Kennametal had requested Reed Smith to represent it in connection with an unrelated matter which did not involve Sandvik. Thereafter a number of email exchanges ensued between the Special Master and counsel for the parties. It was during this time period that the Special Master

also learned for the first time that Reed Smith had represented Kennametal on a number of non-patent unrelated legal matters since his appointment as Special Master in these patent proceedings.

On October 15, 2012, Sandvik filed its motion to disqualify the Special Master in which it requests that: (i) the Special Master be disqualified in both the PVD and CVD cases; (ii) the Report and Recommendation filed in the CVD case by the Special Master on February 16, 2012 be stricken; (iii) the Memorandum Opinion and Order of July 24, 2012, which adopted the Report and Recommendation, be vacated; and (iv) the Order of Court of September 13, 2012 which granted partial summary on the issue of invalidity be vacated. Curiously, Sandvik has not requested that the July 23, 2010, Report and Recommendation filed by the Special Master in the PVD case be stricken or that the November 10, 2010 Opinion of the Court, which adopted that Report and Recommendation, be vacated.

### Communication from the Special Master to Counsel for the Parties

The Special Master is an equity partner at Reed Smith and has practiced in the intellectual property section of the firm for over thirty-three (33) years. He graduated from Emory University Law School in 1975. Upon graduation from law school, the Special Master worked for four (4) years at Bayer Corporation (Mobay Corporation) as a Staff Intellectual Property Attorney. In 1979, he joined Reed Smith, where he has practiced intellectual property law continually since. At one time, he served as the Deputy Head and Head of the firm's Intellectual Property Group. The Special Master is admitted to practice before the U.S. Patent and Trademark Office, the United States Supreme Court, the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Federal Circuit, the United States

District Court for the Western District of Pennsylvania, and the state courts of the Commonwealth of Pennsylvania and the State of Georgia.

Special Master Colen is highly respected and knowledgeable in the intellectual property field. He has been recognized as a Super Lawyer in the Super Lawyers Magazine on a number of occasions.[6] Moreover, he is an esteemed member of the bar of this community and is held in high regard by members of this Court.

Aside from his work as Special Master in these two patent cases, Special Master Colen has never rendered professional advice or services on any legal matter for Kennametal or Sandvik.

Reed Smith, LLP is an international law firm with over 1,700 lawyers in twenty-three (23) offices worldwide. The headquarters office in Pittsburgh, PA, is comprised of approximately 226 lawyers with executive and support staff. "Although much of the firm's work involves international transactions, litigation, and regulatory matters, Reed Smith maintains a wide range of practice areas, from bankruptcy and commercial restructuring to intellectual property, life science, and health care offerings." *Hoover's Company Records, www3.lexis.com.*

On September 7, 2012, the Special Master advised counsel for the parties that he had learned in late August or early September, 2012, that Kennametal had requested Reed Smith to represent it in connection with a contractual dispute with a vendor/supplier of Kennametal. The Special Master also advised that neither he nor anyone at Reed Smith who had assisted him

---

[6] Super Lawyers is a rating service of outstanding lawyers from more than seventy (70) practice areas who have attained a high-degree of peer recognition and professional achievement. The selection process is multi-phased and includes independent research, peer nominations and peer evaluations. *See* Super Lawyers, www.superlawyers.com.

in either the PVD or CVD cases would be involved in the representation of Kennametal and that an ethics wall would be put in place.

In response, on September 14, 2012, counsel for Sandvik asked the Special Master to provide information regarding Reed Smith's representation of Kennametal. In particular, Sandvik was interested in knowing (i) when Kennametal engaged Reed Smith for the contractual dispute with the vendor/supplier of Kennametal and (ii) whether there were other instances, in addition to the contractual dispute, in which either Reed Smith or the Special Master represented Kennametal.

On September 19, 2012, Special Master Colen responded to Sandvik's request for information, in which he advised the parties of the following. He had asked Reed Smith business intake personnel to "take a fresh look at our relationship with Kennametal" which revealed the following. First, the search confirmed that at the time of the Special Master's appointment, "there was no active relationship with Kennametal, although it had been a client of Reed Smith three years earlier" in a non-patent matter. Next, the contractual dispute with the vendor/supplier of Kennametal "was opened on our books at the end of August 2012." Finally, the search revealed that:

> since my appointment as Special Master, Reed Smith has assisted Kennametal from time to time concerning discrete matters in bankruptcy, insurance coverage and supply contracts. It has also now been reported to me that during 2011 Reed Smith advised and acted for Kennametal concerning five property tax assessment appeals as well as two small commercial arbitration matters in NY. Finally, I have been advised that Kennametal is presently seeking Reed Smith's assistance on another tax assessment appeal.

Email from Frederick H. Colon, September 19, 2012.

The Special Master emphasized that not only had he not personally known of or participated in any of the matters for Kennametal, but that he was not aware of any such

activities with Kennametal by other members of the firm, and he assured the parties that these activities would have no effect on his independence as a Special Master. *Id.*

The next day Sandvik asked the Special Master for information regarding the start and end dates for each matter on which Reed Smith rendered legal services on behalf of Kennametal. On the afternoon of September 26, 2012, before the Special Master had responded to Sandvik's latest request, counsel for Sandvik advised the Special Master that Sandvik was objecting to his appointment and service as Special Master and advised that, under the circumstances, it was Sandvik's position that the Special Master was required by Federal Rule of Civil Procedure 53(a)(2) and 28 U.S.C. § 455(a) to disqualify himself from serving as Special Master in both the PVD and CVD cases. Additionally, Sandvik requested that the Special Master refrain from taking any further actions in his capacity as Special Master, including the issuance of a Supplemental Report and Recommendation in the PVD case.

The following evening, the Special Master responded to Sandvik and (i) provided the "start" and "end" dates for all the Kennametal-related matters he had previously identified and (ii) advised that after considering Sandvik's request and the rule citations, he had

> decided not to disqualify myself from continuing to serve as Special Master to the Court. As I advised you previously, I have personally never participated in any matter relating to Kennametal, except in my present capacity as Special Master in the referenced litigations. Further, Reed Smith's assistance with identified matters for Kennametal, both previously and presently, has had, and will continue to have, no effect on my independence or impartiality in acting as Special Master to the Court in these patent-related proceedings.

Email from Frederick H. Colen, Sept. 27, 2012.

Upon learning of Sandvik's concern, Kennametal immediately rescinded its engagement of Reed Smith and with mutual agreement withdrew all of its legal work from the firm. Both the Chief Counsel for Intellectual Property of Kennametal and the Assistant General Counsel of

Kennametal submitted Declarations which reflect that Reed Smith no longer represents

Kennametal on any legal matter whatsoever. *See* Kennametal's Response, Exhibits F and G

(Document No. 151).

On October 15, 2012, the instant Motion to Disqualify Special Master pursuant to 28

U.S.C. § 455(a) was filed by Sandvik. Sandvik does not allege bad faith on behalf of the

Special Master, nor does it question that the "circumstances have had or would have an actual

and direct influence on Mr. Colen's decisions in this case." Mot. at 7. Instead, its argument for

recusal is based solely upon the alleged objective appearance of a lack of impartiality.

The matter has been fully briefed and is ripe for disposition.

### Discussion

The appointment of a Special Master in federal court is governed by Rule 53 of the

Federal Rules of Civil Procedure. Under Rule 53(a)(2), a special master "must not have a

relationship to the parties, counsel, action, or court that would require disqualification of a judge

under 28 U.S.C. § 455 unless the parties consent with the court's approval to appointment . . .

after disclosure of any potential grounds for disqualification." Section 455(a) provides that,

"[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned." The statute "was

designed to promote public confidence in the integrity of the judicial process by replacing the

subjective 'in his opinion' standard with an objective test." *Liljeberg v. Health Servs.*

*Acquisition Corp.,* 486 U.S. 847, 858 (1988). *See also Liteky v. United States*, 510 U.S. 540, 548

( 1994) (describing § 455(a) as a "catchall" recusal provision covering more than the specific

illustrations of 28 U.S.C. § 144).

On its face, 28 U.S.C. § 455(a) appears to apply only to justices, judges and magistrate judges. However, Section 455(a) has also been extended to apply to Special Masters.

> Rule 53 extends the application of § 455 to special masters by providing that a special master "must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." Fed. R. Civ. P. 53(a)(2); *see also In re Kempthorne*, 449 F.3d 1265, 1269 (D.C. Cir. 2006) (stating that "[w]e have held that a special master is subject to the same ethical restrictions as a judge when the special master serves as the 'functional equivalent' of a judge even though the special master is under a judge's 'control' ") (citing *Jenkins v. Sterlacci*, 849 F.2d 627, 630–32 (D.C. Cir. 1988)).

*E.E.O.C. v. U.S. Steel Corp.*, Civil Action No. 10-1284, 2012 WL 1150799 *9 (W.D. Pa. April 5, 2012) (quoting *United States v. Tennessee*, No. 92–2062 D/P, 2010 WL 1212076, *12 (W.D. Tenn. Feb.16, 2010); *see also Jenkins v. Sterlacci*, 849 F.2d 627 (D.C. Cir. 1988); *Roberts v. Heim*, 1991 WL 200899 (N.D. Ca. March 13, 1991).

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004). The disqualification test requires that the "reasonable person" must be aware of all relevant facts. *Sao Paulo State of Federative Republic of Brazil v. Am. Tobacco Co., Inc.,* 535 U.S. 229, 232–33 (2002). Importantly, it is not the movant's allegations that control the propriety of recusal, but rather the surrounding facts and circumstances.

Sandvik requests under 28 U.S.C. § 455(a) the following: (i) that the Special Master be disqualified in both the PVD and CVD cases; (ii) that the Report and Recommendation filed in the CVD case be stricken; (iii) that the Court's Memorandum and Order which adopted the Report and Recommendation in the CVD case be vacated; and (iv) that the Memorandum Order

which granted partial summary judgment on the issue of patent invalidity, filed in the CVD case, be vacated. These requests will be addressed seriatim.

a.      Request to Disqualify Special Master Under 28 U.S.C. § 455(a)

At the outset, the Court notes that it is regrettable that the events which have transpired, none of which were caused by or resulted from any actions or inactions on the part of the Special Master, have resulted in the parties, the Special Master, and this Court having to spend an inordinate amount of time on this issue, rather than on the merits (and perhaps resolution) of these cases.  But with that said, a challenge has been made which questions the impartiality of the Special Master and, the Court does not undertake lightly its responsibility to examine the issue in-depth as it is both necessary and vital to the parties, the public, and the proceedings in this Court.  Sandvik requests, *inter alia,* that the Special Master be disqualified in both the PVD and CVD cases.

After thoughtful and deliberate consideration, the Court finds that disqualification of the Special Master is not warranted under the facts and circumstances of this matter for a number of reasons.

It appears that during the timeframe from February 2011 through August 2012, certain lawyers at Reed Smith undertook representation of Kennametal at the request of Kennametal's Assistant General Counsel on several non-patent related legal matters.  Apparently the lawyers at Reed Smith were not aware or made aware of  the appointment of Attorney Colen as a Special Master in these patent cases which involve Kennametal.  In a perfect world this oversight would be unimaginable - but as we know, we do not live in a perfect world and with over 1,700 lawyers in twenty-three (23) offices worldwide oversights and mistakes are unfortunately bound to happen.   Likewise, the Assistant General Counsel of Kennametal who assigned legal work to

Reed Smith was not aware of Kennametal's involvement in patent litigation in which a Reed Smith attorney was serving in the capacity as a Special Master. Kennametal's in-house offices of Chief Counsel for Intellectual Property and Assistant General Counsel are separate and distinct within the corporate structure of the company. In fact, the in-house intellectual property department at Kennametal is located in a different building from the rest of the legal department at Kennametal headquarters in Latrobe. *See* Declaration of Larry R. Meenan, Chief Counsel for Intellectual Property at Kennametal (Exhibit F, Document No. 151-6) and Declaration of Michelle R. Keating, Assistant General Counsel and Assistant Secretary at Kennametal (Exhibit G, Document 151-7). It is clear that the attorneys and / or administrators at Reed Smith and Kennametal dropped the ball in not being fully informed of the involvement of the Special Master and they share blame for the development of this unfortunate situation. However, the Court must emphasize that none of this blame should fall on the shoulders of Special Master Colen as he had no personal knowledge whatsoever of these events or developments and, therefore, could not have been influenced by same in the performance of his Special Master duties and responsibilities.

When the Special Master was first approached about his possible appointment as a Special Master in the PVD case, he requested a conflicts check from the firm administrator, which revealed that Reed Smith had represented Kennametal on a non-patent related matter some years in the past, but that there was no active representation of Kennametal by Reed Smith at the time. From the date of his initial appointment as Special Master in the PVD case on May 5, 2010; through the Claim Construction Hearing conducted with the Court on July 23, 2010; the issuance of his Report and Recommendation on September 28, 2010; the Memorandum Opinion and Order filed on November 10, 2010, which adopted the Report and Recommendation; and the

Supplemental Claim Construction hearing held on June 12, 2012, Special Master Colen personally had no knowledge nor any involvement whatsoever in <u>any</u> of the non-patent legal matters in which other attorneys at Reed Smith were representing Kennametal.

Likewise, from the date of his initial appointment as Special Master in the CVD case on November 30, 2010; the Claims Construction Hearing conducted with the Court on June 13-14, 2011; the issuance of his Report and Recommendation on February 16, 2012; and the Memorandum Opinion filed on July 24, 2012, which adopted the Report and Recommendation, Special Master Colen personally had no knowledge nor any involvement whatsoever in <u>any</u> of the non-patent legal matters in which other attorneys at Reed Smith were representing Kennametal.

It is important to note that at no time throughout any of the Special Master's substantive work on either the PVD or the CVD case up through late August/ early September, 2012, was he ever aware of any involvement of any Reed Smith lawyer(s) on behalf of Kennametal. If all systems and personnel of both entities had been functioning and coordinating at an optimal level, Special Master Colen should have been made aware of the representations and involvement of Reed Smith lawyers on the non-patent Kennametal legal work. However, the internal systems were flawed and the Special Master was not made aware of the unrelated work for Kennametal, which prevented him from barring acceptance of the work at the outset and/or notifying counsel in the instant cases about the proposed representation of Kennametal on non-patent related matters by Reed Smith as he did on September 7, 2012.

However, immediately upon becoming aware of Reed Smith's proposed representation of Kennametal in a potential non-patent legal matter, he notified all counsel of that development by email on September 7, 2012 as follows:

Counsel:

I am writing to advise you that Kennametal has requested that Reed Smith represent it in connection with a contractual dispute with a vendor / supplier of Kennametal. Although I am unaware of the generalities of the dispute, including the identity of the vendor / supplier, it is my understanding that the vendor / supplier is neither Sandvik or a Sandvik-related entity. Neither I nor anyone else at Reed Smith who has assisted me in my capacity as Special Master in the *Sandvik v Kennametal* and the *Kennametal v Sandvik* litigations would be involved in the dispute between Kennametal and the vendor / supplier. In addition, an ethical wall would be put in place to preclude me and anyone else at Reed Smith who has assisted me in my capacity as Special Master in the *Sandvik v Kennametal* and the *Kennametal v Sandvik v Kennametal* litigations from conferring with the Reed Smith lawyers and staff with regard to the vendor/ supplier dispute and from accessing any documents or other information relating to the vendor / supplier dispute.

Have a good weekend.

Fred.

Motion to Disqualify, Exhibit B (Document No. 148).

Thereafter, counsel for Sandvik requested additional information and a timetable which details were provided promptly by Special Master Colen as soon as he could ascertain same. On September 19, 2012, Special Master Colen sent the following email to Sandvik Attorney John V. Gorman, on which all counsel of record were copied:

John:

In response to your recent email, I asked the Reed Smith business intake personnel to take a fresh look at our relationship with Kennametal. At the time of my appointment as Special Master, there was no active relationship with Kennametal, although it had been a client of Reed Smith three years earlier. I have personally never participated in any matter for Kennametal, except in my present capacity as Special Master in the referenced litigations.

I am advised that the matter that I disclosed in my September 7, 2012 email was opened on our books at the end of August 2012. I am now also advised that since my appointment as Special Master, Reed Smith has assisted Kennametal from time to time concerning discrete matters in bankruptcy, insurance coverage and supply contracts. It has also now been reported to me that during 2011 Reed Smith advised and acted for Kennametal concerning five property tax assessment

appeals as well as two small commercial arbitration matters in NY. Finally, I
have been advised that Kennametal is presently seeking Reed Smith's assistance
on another tax assessment appeal.

Allow me to reemphasize that not only have I not personally participated in any
matter for Kennametal (or for Sandvik), but I was not aware of the activities with
Kennametal by other members of my firm. Reed Smith's assistance with matters
for Kennametal, both previously and presently, will have no affect on my
independence as a Special Master.

Mot. to Disqualify, Exhibit C, Email from Frederick H. Colen to John V. Gorman, September

19, 2012 (Document No. 148). In response to Special Master Colen's email, Attorney Gorman

on September 20, 2012 requested "being informed of the start and end dates for each matter on

which Reed Smith rendered legal services to Kennametal." *Id.* at Exhibit E. On September 26,

2012, before the Special Master had responded, Attorney Gorman, on behalf of Sandvik,

informed Special Master Colen, that "[i]n light of your firm's past and present representation of

Kennametal, [Sandvik] objects to your appointment and service as Special Master . . . .

Moreover, [Sandvik] believes that under the circumstances you are required by Fed.R.Civ.P.

53(a)(2) and 28 USC § 455(a) to disqualify yourself from serving as Special Master in those

cases. . . ." Mot. to Disqualify, Exhibit F (Document No. 148).

The following day, on September 27, 2012, Special Master Colen replied as follows:

John:

I am in receipt of your emails from September 20, 2012 and September 26, 2012,
and respond as follows:

With regard to the "start" and "end" dates in the Kennametal-related matters
identified in my earlier September 19, 2012 email, I am advised that the requested
details are as follows -- vendor disputed (recently disclosed); 8/22/2012 and
ongoing; bankruptcy claim advice: 7/26/2012 and ongoing; contract review:
4/12/12 to 4/17/12; insurance coverage advice: 12/56/11 to 3/28/11; real estate
assessment appeals; end of October 2011 to mid-December 2011 (although these
are subject to reactivation); commercial arbitration matters: 2/8/11 to 2/18/11 and
5/11/11 to 6/29/11.

With regard to your request that I disqualify myself from continuing to serve as a Special Master to the Court in the Kennametal v Sandvik, Inc (CA No. 2:09-cv-00857) and Sandvik Intellectual Property AB v Kennametal Inc (CA No. 2:10-cv-00654) litigations, I have considered your request and the rule citations that you have provided and have decided not to disqualify myself from continuing to serve as Special Master to the Court. As I advised you previously, I have personally never participated in any matter relating to Kennametal, except in my present capacity as Special Master in the referenced litigations. Further, Reed Smith's assistance with the identified matters for Kennametal, both previously and presently, has had, and will continue to have, no effect on my independence or impartiality in acting as a Special Master to the Court in these patent-related proceedings.

Regards,

Fred

*Id*. at Exhibit G.

It is readily apparent to the Court from a review of the surrounding facts and circumstances, as reflected in Special Master Colen's first email of September 7, 2012, that as soon as he became aware of the potential representation of Kennametal by Reed Smith lawyers, he revealed it. Furthermore, all of the substantive work done by the Special Master in these cases (but for a Supplemental Claim Construction Report and Recommendation in the PVD case) was completed long before he had any knowledge of the involvement of Reed Smith on behalf of Kennametal. When he became aware of the potential and thereafter ongoing relationship between Kennametal and Reed Smith, he immediately and candidly disclosed such information to all counsel of record and the Court.

The Court finds that the fact that Reed Smith (an international law firm with over 1700 lawyers) represented Kennametal in a number of unrelated, discrete matters of which the Special Master had neither knowledge nor involvement until late August / early September of 2012, would not cause an objective, reasonable layperson, were he / she to know <u>all</u> the surrounding

facts and circumstances, to believe that the impartiality of the Special Master had been compromised or otherwise affected.  *See* 28 U.S.C. § 455(a).

Additionally, Attorney Michelle R. Keating, Assistant General Counsel and Assistant Secretary of Kennametal, who was the in-house Kennametal attorney that engaged Reed Smith on the unrelated matters, provided a sworn Declaration in which she avers, as follows:

> When I engaged Reed Smith, I was unaware that a Reed Smith partner, Frederick Colen, was serving as Special Master in the patent litigation with Sandvik.  Mr. Colen has no involvement in the unrelated matters.  My decision to retain Reed Smith attorneys as legal counsel for Kennametal was based on my prior experience with that firm, and I had absolutely no intent to influence Mr. Colen's decisions in this matter in any way.

Kennametal's Response, Exhibit G (Document No. 151).

Finally, the Special Master has provided information which reflects that neither he nor Reed Smith have financially benefitted from the firm's representation of Kennametal.  *See* Response of Special Master at 4-5.  For example, Reed Smith has resolved to (i) not accept payment of any outstanding fees on the Kennametal legal matters on which Reed Smith represented Kennametal during the timeframe in which Attorney Colen served as Special Master and (ii) it will relinquish to charitable entities all fees Kennametal has paid to Reed Smith in connection with the non-intellectual property legal matters at issue in this motion.  Specifically, Reed Smith will take steps to distribute those previously paid fees to a number of not-for-profit organizations that provide legal services to low-income individuals.  *Id*. at 5.  Neither Reed Smith, nor any of its equity partners will realize any financial benefit whatsoever from its representation of Kennametal during the time period of Special Master Colen's service to the Court.

The Court finds that Sandvik's reliance on the decision of United States Supreme Court in *Liljeberg v. Health Sevs. Acquisition Corp*., 486 U.S. 847 (1988) is misplaced.  *Liljeberg*

involved a circumstance in which the trial judge had an actual fiduciary interest in a case. The Supreme Court found that recusal was required under 28 U.S.C. § 455(a), even though the judge's failure to recuse himself was the "the product of a temporary lapse of memory." *Id*. at 861.

The present circumstances do not involve disqualifying factors that the Special Master forgot and belatedly remembered. Here, the Special Master <u>did not know</u> of the potential or actual representation of Kennametal by any Reed Smith lawyers on unrelated non-patent matters until late August / early September 2012 and he immediately disclosed that information to all counsel and the Court upon learning of same.

In sum, the Court finds that any apparent conflict alleged by Sandvik is far too attenuated for the impartiality of the Special Master to be reasonably questioned pursuant to 28 U.S.C. § 455(a). The record reflects that the Special Master did not know until late August / early September 2012, that Reed Smith represented Kennametal in a number of unrelated, discrete legal matters; therefore, it stands to reason that he could neither have taken advantage of a relationship that he did not know existed nor could he have been influenced in his recommendations by a relationship of which he was unaware.

While the Court understands the concerns expressed by Sandvik, and its dissatisfaction with the February 16, 2012, Report and Recommendation of the Special Master and the Court's July 24, 2012, Memorandum Opinion, the Court finds that no reasonable person with knowledge of <u>all</u> of the surrounding facts and circumstances would conclude that the impartiality of the Special Master might reasonably be tainted and that the disqualification of the Special Master would be warranted under these circumstances. Accordingly, the Court will decline to find that the Special Master should be disqualified from serving on these cases.

However, one additional observation must be noted.  In the CVD case, the duties and responsibilities of the Special Master were completed for all intents and purposes when he issued his Report and Recommendation on February 16, 2012.  Therefore, there is no compelling or justifiable need to disqualify the Special Master in that case.

In the PVD case, however, the Court and parties are anticipating a Report and Recommendation from the Special Master with respect to the issues raised in the Supplemental Claim Construction hearing.  Regrettably, and although it bears repeating, that the Special Master has and is <u>not</u> being disqualified pursuant to 28 U.S.C. § 455(a), but in light of the protracted history of these proceedings, and in order to avoid a waste of judicial resources, and in an abundance of caution, the Court will excuse the Special Master from any further duties and responsibilities in the PVD case effective immediately and no Report and Recommendation on the Supplemental Claim Construction issue(s) is to be filed by Special Master Colen.  Therefore, the Court, having been present and a participant throughout the course of the Supplemental Claim Construction hearing, argument and briefing, will issue an Opinion in due course on the supplemental claim construction issue(s) without having the need or benefit of a Supplemental Report and Recommendation from the Special Master.  The Court respects and appreciates the professional services of Special Master Colen throughout this arduous litigation and hopes that he understands the decision of the Court regarding his excusal at this time.

    b.    <u>Request to Strike the February 16, 2012 Report and Recommendation</u>

The Court also finds that 28 U.S.C. § 455(a) does not require the Court to strike the Report and Recommendation prepared and filed by the Special Master in the CVD case.   The Special Master filed his Report and Recommendation on February 16, 2012, seven (7) months <u>before</u> he became informed by Reed Smith business intake personnel that since his appointment

as Special Master, Reed Smith had assisted Kennametal in several discrete non-patent related legal matters. As the Special Master has repeatedly stated and the Court finds that until late August / early September 2012 he was not aware of any legal representation of Reed Smith attorneys on behalf of Kennametal. That fact is unrebutted.

Although Sandvik strongly disagreed with the Report and Recommendation issued by the Special Master in the CVD case, "it is well-settled, however, that adverse legal rulings are not proof of prejudice and generally do not provide a basis for recusal." *U.S. ex rel. Pritsker v. Sodexho*, 2012 WL 2948193 at * 2 (3d Cir. July 20, 2012). The Court has no doubt that a reasonable person reviewing the entire litigation history of these two patent cases would find that the Special Master was neutral at all times to both parties and was plainly not biased against Sandvik as reflected in the Report and Recommendation issued in the PVD case, in which his recommendation was favorable to Sandvik (and which recommendation Sandvik is notably not seeking to have the Court vacate).

Accordingly, the Court is satisfied that no reasonable person with knowledge of <u>all</u> of the surrounding facts and circumstances would conclude that the recommendations of the Special Master in the CVD case were not based on anything <u>other</u> than the witness testimony, record evidence, and exhibits as presented during the Claim Construction Hearing. Accordingly, Sandvik's request to strike the Report and Recommendation of the Special Master will be denied.

      c.    <u>Request to Vacate the July 24, 2012 Memorandum Opinion and Order Which Adopted the Report and Recommendation, and to Vacate the September 13, 2012 Order Which Granted Partial Summary Judgment in favor of Kennametal</u>

Likewise, the Court finds that Sandvik's request to vacate the Memorandum Opinion and Order of July 24, 2012, should be denied. Sandvik raised a number of objections to the Report

and Recommendation of the Special Master and, as required by Federal Rule of Civil Procedure 53(f), the Court undertook a *de novo* review of all of the objections lodged by Sandvik. At the time of the *de novo* review, the Court, like the Special Master, was not aware of any ongoing representational relationship between Kennametal and Reed Smith and thus, had no knowledge of the circumstances that form the basis of this request. Accordingly, the Court finds that there is no basis on which an objective, reasonable layperson could conclude that this Court was tainted in its *de novo* review of the Special Master's Report and Recommendation in the CVD case.

After an independent review of the record, which includes a review of all the testimony evidence and exhibits presented throughout the two-day Claim Construction hearing at which the Court was personally in attendance, as well as a review of the applicable case law and arguments of counsel, the Court issued a twenty-three (23) page detailed Memorandum Opinion and Order in which it analyzed and rejected Sandvik's objections and adopted in its entirety the claim construction recommended by the Special Master.

Given this background, the Court finds that to order another claim construction hearing and/or *de novo* review would not only be redundant and unnecessary, it would be time consuming, costly, and would lead to further delay resulting in prejudice to all of the parties to this litigation in terms of time and expense. Further, for the reasons elaborated upon in the Report and Recommendation and the Memorandum Opinion, the Court is of the mind that any trial judge presented with the Claim Construction record would be compelled to conclude that the '625 Patent is invalid for indefiniteness under 35 U.S.C. § 112. As a result, the Court finds that there is no unfairness to Sandvik from declining to vacate the Memorandum Opinion and Order of July 24, 2012 and "a contrary decision would serve only to impose an unnecessary, additional litigation burden on [Kennametal] and the District Court." *Selkridge v. United of*

*Omaha Life Ins. Co.*, 360 F.3d 155, 171 (3d Cir. 2004)  *See U.S. ex rel. Pritsker v. Sodexho, Inc.*,

2012 WL 2948193 at *2 (3d Cir. July 20, 2012) (holding that a "purported violation of 28 U.S.C.

§ 455(a) was harmless because [appellate court] had affirmed on *de novo* review . . . ");

*Selkridge*, 360 F.3d at 171 (recognizing that harmless error applies to violations of § 455(a));

*Parker v. Connors Steel Co.*, 855 F.2d 1510, 1526 (11th Cir. 1988) (holding that "[it] would . . .

be ridiculous to remand this case and reassign it to another judge after we have already exercised

plenary review and have concluded that summary judgment was proper.").

    d.    <u>Disqualification Not Required under the Rationale of 28 U.S.C. § 455(f)</u>

If, however, assuming *arguendo,* that disqualification of the Special Master was

warranted under § 455(a), the Court finds that disqualification would not be required under the

logic and rationale of  § 455(f), which provides as follows:

> Notwithstanding the preceding provisions of this section, if any justice, judge,
> magistrate judge, or bankruptcy judge to whom a matter has been assigned would
> be disqualified, after substantial judicial time has been devoted to the matter,
> because of the appearance or discovery, after the matter was assigned to him or
> her, that he or she individually or as a fiduciary, or his or her spouse or minor
> child residing in his or her household, has a financial interest in a party (other than
> an interest that could be substantially affected by the outcome), disqualification is
> not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or
> minor child, as the case may be, divests himself or herself of the interest that
> provides the grounds for the disqualification.

28 U.S.C. § 455(f).  In evaluating the applicability of § 455(f), the Court must consider "(1) the

devotion of substantial time to a case; (2) the discovery of a financial interest in a party; (3)

[whether] the interest is one that could not be substantially affected by the outcome; and (4)

divestment of the financial interest in question."  *Key Pharm., Inc. v. Mylan Labs. Inc.,* 24 F.

Supp.2d 480, 482 (W.D. Pa. 1998).

First, the Special Master has devoted substantial adjudicatory time to these cases.

"[M]easuring 'substantial judicial time' means examining the time and effort a [Special Master]

invests in a matter." *In re Certain Underwriter*, 294 F.3d 297, 305 (2d Cir. 2002). The Court

finds that Special Master Colen has invested substantial time and effort in these cases. He has

reviewed exhaustive submissions, presided over three (3) Claim Construction hearings (with the

Court), and prepared and filed two (2) extensive and detailed Reports and Recommendations.[7]

In addition, the Court notes that the parties have also devoted substantial time and effort to these

matters.

Second, assuming *arguendo* that Reed Smith had a "financial interest" in Kennametal

during the time that Special Master Colen served as a Special Master, it is undisputed that

Special Master Colen did not learn until late August / early September 2012 that Reed Smith

lawyers had performed unrelated legal work for Kennametal since the time he had been

appointed Special Master. When Special Master Colen learned of this situation, he immediately

disclosed the information to counsel for both Sandvik and Kennametal.

Third, the Court finds that Reed Smith's unrelated discrete legal work for Kennametal is

not "an interest that could be substantially affected by the outcome" of these cases. 28 U.S.C. §

455(f). As discussed *supra*, Special Master Colen learned that Reed Smith assisted Kennametal

on discrete legal matters which involved bankruptcy, insurance coverage, supply contracts,

commercial arbitration, and tax assessment appeals long after his substantive work on the CVD

case had been completed.

Fourth, Reed Smith has resolved to (1) not accept payment of any outstanding fees on the

Kennametal matters on which Reed Smith attorneys represented it during the time the Special

---

[7] The Special Master reported that he was prepared in late September 2012 to issue a Report and
Recommendation on the Supplemental Claim Construction hearing conducted in the PVD case,
but has refrained from doing so after counsel for Sandvik advised that it would be moving to
disqualify him from continuing to serve as Special Master. A Supplemental Report and
Recommendation is no longer necessary as the Special Master has been excused.

Master was in service, and (2) it will relinquish all fees that Kennametal has previously paid to Reed Smith in connection with the legal work performed in 2011 and 2012. Specifically, Reed Smith has outlined the steps it will take to distribute those fees to several non-for-profit organizations that provide legal services to low-income individuals, which the Court finds to be commendable.

For all these additional reasons, the Court finds that disqualification of the Special Master is not warranted under the logic and reasoning of 28 U.S.C. § 455(f).

## Conclusion

For reasons as stated throughout this Memorandum Opinion, the motion to disqualify the Special Master, to strike the Special Master's Report and Recommendation of February 16, 2012, to vacate the July 24, 2012, Memorandum Opinion and Order which adopted the Report and Recommendation, and to vacate the September 13, 2012, Memorandum Order, which granted partial summary judgment on the issue of invalidity will be denied. The Court finds that no reasonable person with knowledge of all the surrounding facts and circumstances would conclude that the appearance of a lack of impartiality of the Special Master exists under the circumstances of this case.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KENNAMETAL, INC.,                    )
                                     )
              Plaintiff,             )
                                     )
                                     )        2:  09-cv-00857
        v.                           )
                                     )
SANDVIK INC. d/b/a SANDVIK COROMANT  )
COMPANY,  SECO TOOLS, INC., and      )
WALTER USA, INC.,                    )
                                     )
                                     )
              Defendants.            )
_____

SANDVIK INTELLECTUAL PROPERTY AB,    )
                                     )
              Plaintiff,             )
                                     )        2: 10-cv-00654
        v.                           )
                                     )
KENNAMETAL, INC.,                    )
                                     )
              Defendant.             )


**ORDER OF COURT**

    **AND NOW**, this 21st day of December, 2012, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

Motion to Disqualify Special Master Frederick H. Colen filed at Case No. 2:09-cv-00857 and the

Motion to Disqualify Special Master Frederick H. Colen, To Strike Special Master's February

16, 2012 Report and Recommendation and to Vacate the Court's Memorandum and Order

Adopting the  Report and Recommendation and the Court's September 13, 2012 Order Granting

Partial Summary Judgment on the Issue of Invalidity at Case No. 2:10-cv-00654 are **DENIED**.

However, as explained in the Memorandum Opinion and in an abundance of caution, the Special Master is not disqualified but rather excused from any further duties, responsibilities or actions in the <u>Kennametal v. Sandvik</u>, Case No. 09-cv-00857 action with the Court's sincere appreciation and regard for his professional services. The Special Master is entitled to payment from the parties up to October 14, 2012, the day on which the Motion to Disqualify Special Master Frederick H. Colen filed at Case No. 2:09-cv-00857 and the Motion to Disqualify Special Master Frederick H. Colen, To Strike Special Master's February 16, 2012 Report and Recommendation and to Vacate the Court's Memorandum (sic) and Order Adopting the Report and Recommendation and the Court's September 13, 2012 Order Granting Partial Summary Judgment on the Issue of Invalidity at Case No. 2:10-cv-00654 were filed.

The Court will issue a Memorandum Opinion and Order on the supplemental claim construction issue(s) in due course.

BY THE COURT:

<u>s/ Terrence F. McVerry</u>
United States District Court Judge

cc: Frederick H. Colen, Esquire
  Reed Smith
  Email: fcolen@reedsmith.com

  Jeffrey G. Killian, Esquire
  Morgan Lewis & Bockius
  Email: jkillian@morganlewis.com

  Ronald L. Grudziecki, Esquire
  Drinker Biddle & Reath
  Email: ron.grudziecki@dbr.com

  William P. Quinn , Jr., Esquire
  Morgan, Lewis & Bockius LLP
  Email: wquinn@morganlewis.com

Carrie A. Beyer, Esquire
Drinker Biddle & Reath LLP
Email: carrie.beyer@dbr.com

David W. Marston, Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: dmarston@morganlewis.com

Elaine P. Spector, Esquire
Drinker, Biddle & Reath, LLP
Email: elaine.spector@dbr.com

Elisa P. McEnroe, Esquire
Morgan, Lewis & Bockius LLP
Email: emcenroe@morganlewis.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

John V. Gorman, Esquire
Morgan, Lewis & Bockius
Email: jgorman@morganlewis.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Mark H. Sosnowsky, Esquire
Drinker Biddle & Reath LLP
Email: mark.sosnowsky@dbr.com

Squire J. Servance, Esquire
Morgan, Lewis & Bockius, LLP
Email: sservance@morganlewis.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com